# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
F I L E D

SEP 2 9 2025

Nathan Ochsner, Clerk of Court

Rachael Lee Griffin-El, ex rel. Rachael Lee Griffin,

Defendant / Removing Party,

v.   Civil Action No. 4:25-cv-04547

Antony Halaris [U.S. Citizen, European male],

P.C.F. Properties in TX, LLC,

Plaintiffs.

# DEMAND FOR RESTITUTION OF POSSESSION

Comes now, Rachael Lee Griffin-El, sui juris, ex rel. RACHAEL LEE GRIFFIN, and respectfully enters this Demand for Restitution of Possession. This filing is not a motion requesting discretionary relief, but a formal demand asserting a matter of right under federal law, due process, and statutory protections.

## I. BASIS OF DEMAND

1. On September 2, 2025, a Final Judgment was entered in the state tribunal.

2. On September 5, 2025, only three (3) days later, a Writ of Possession was issued, in direct violation of Texas Property Code § 24.0061(d), which requires a six-day delay before issuance of any writ.
3. The earliest lawful date for issuance would have been September 8, 2025. The writ issued on September 5, 2025 was therefore premature, void ab initio, and unenforceable.
4. On September 23, 2025, the void writ was enforced by constables, resulting in the unlawful dispossession of the estate.
5. At all relevant times, the property was conveyed into R L FREEMAN TRUST by recorded deed (Harris County Clerk Document No. RP-2025-13788), which held both equitable and legal title as well as possession.

## II. VIOLATIONS RESULTING IN VOID ACTION

6. No foreclosure notice was provided to R L FREEMAN TRUST, in violation of Texas Property Code § 51.002 and Paragraph 22 of the Deed of Trust.
7. Enforcement of the premature writ deprived the Trust of due process, in violation of the Fifth Amendment to the United States Constitution.
8. The enforcement also involved false and misleading representations by officers acting under color of law, implicating federal statutes including 15 U.S.C. § 1692e and 18 U.S.C. §§ 241, 242, and 912.

## III. DEMAND

Accordingly, Affiant demands as follows:

1. That this Court formally recognize the Writ of Possession issued September 5, 2025 as void ab initio.
2. That this Court order immediate restitution of possession of the estate to R L FREEMAN TRUST, the lawful titleholder and possessor of record.
3. That all parties, including P.C.F. Properties in TX, LLC, Antony Halaris, and constables acting under the void writ, be restrained from further trespass, interference, or unlawful occupation of the estate.
4. That this Demand and contemporaneously filed Affidavit of Fact, Criminal Referral, and Proposed Order be incorporated into the record, preserving all rights of review and appeal.

Respectfully submitted,



Date: Sep. 28th, 2025

Defendant / Removing Party

Affiant: Rachael Lee Griffin-El, Secret: RACHAEL LEE GRIFFIN

All Rights Reserved – Without Prejudice – UCC 1-308

c/o 703 Deveron Lane

Houston, Texas Republic [77090]

Non-domestic, Non-resident, Zip Exempt

---

**STATE OF TEXAS**
**COUNTY OF HARRIS**

Before me, __KAYLA MASON__, on this 28th day of September 2025, I full life Rachael Griffin -El, known to me (or satisfactorily proven) to be the natural person whose title is subscribed to the foregoing instrument, and acknowledged that she executed the same for the purposes therein expressed.

[Seal and Signature of Notary Public]



*Kayla Mason*

KAYLA MASON

Cc:

- Nicholas J. Ganjei – United States Attorney, Southern District of Texas
- Scott Bessent – U.S. Treasury, Office of Foreign Assets Control

- Marco Rubio – United States Secretary of State
- Pamela Bondi – United States Attorney General
- Volker Türk – United Nations High Commissioner for Human Rights
- T. Michael O'Connor – U.S. Marshal, Southern District of Texas
- Sheriff Ed Gonzalez – Harris County Sheriff
- Office of Consul General – Morocco, Maghrib al-Aqsá
- Jane Nelson – Texas Secretary of State

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

Rachael Lee Griffin-El, ex rel.

Defendant / Removing Party,

v.                               Civil Action No. 4:25-cv-04547

Antony Halaris [U.S. Citizen, European male]

P.C.F. Properties in TX, LLC,

Plaintiffs.

## PROPOSED ORDER RECOGNIZING VOID WRIT AND GRANTING RESTITUTION OF POSSESSION

Upon review of the record, including the Affidavit of Fact and Criminal Referral, the Demand for Restitution of Possession, and accompanying exhibits, the Court finds that:

1. Final Judgment was entered on September 2, 2025.
2. The Writ of Possession was issued on September 5, 2025 and enforced on September 23, 2025. This was only three (3) days after judgment, in violation of Texas Property Code § 24.0061(d), which requires a six-day delay. The earliest lawful issuance date would have been September 8, 2025.
3. The writ was issued without proper notice to the record titleholder, R L FREEMAN TRUST, contrary to Texas Property Code § 51.002 and Paragraph 22 of the Deed of Trust.

4. Under the Texas Statutory Revision Program, the Property Code does not itself create new law but merely rearranges statutes "to make the law encompassed by this code more accessible and understandable." Even within this limited framework, Plaintiffs and state officers failed to comply with the codified requirements, rendering the writ unlawful.
5. The issuance and enforcement of the writ deprived the lawful titleholder of property without due process of law, in violation of the Fifth Amendment of the U.S. Constitution.
6. As such, the writ is VOID ab initio and without legal effect.

IT IS THEREFORE ORDERED that:

1. The Writ of Possession entered on September 5, 2025 and enforced on September 23, 2025 is hereby declared void.
2. Possession of the estate located at [INSERT FULL PROPERTY ADDRESS] is hereby restored to R L FREEMAN TRUST, the lawful record owner of equitable title and possession.
3. Plaintiffs, their agents, and any law enforcement officers or constables are hereby ENJOINED from further interference with the estate without order of this Court.
4. The Court retains jurisdiction to enforce this Order and to consider further remedies as justice may require.

SO ORDERED this ___ day of _____, 2025.

United States District Judge_____

Southern District of Texas